**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VELY ANDAJANI, | No. 09-73411 |
| Petitioner, | Agency No. A088-271-054 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Vely Andajani, a Christian and ethnically Chinese native and citizen of

Indonesia, petitions for review of the Board of Immigration Appeals' order

affirming without opinion the immigration judge's ("IJ") denial of her application

for asylum, withholding of removal, and relief under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *see Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009), and we deny the petition for review.

Even if all of the incidents of harassment Andajani experienced in Indonesia were on account of a protected ground, the record does not compel the conclusion that they rose to the level of persecution, either individually or cumulatively.  *See id.* at 975-76 (incidents suffered by ethnic Chinese petitioner in Indonesia, considered in the aggregate, did not amount to persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009).

Substantial evidence also supports the IJ's finding that, even under a disfavored group analysis, Andajani failed to establish sufficient individualized risk of persecution to show a well-founded fear of persecution.  *See Halim*, 590 F.3d at 979; *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-28 (9th Cir. 2004).  In addition, the evidence does not establish a pattern or practice of persecution of ethnic Chinese Christians in Indonesia.  *See Halim*, 590 F.3d at 979; *Wakkary*, 558 F.3d at 1061-62.  Further, Andajani's contention that the IJ failed to analyze her experiences in the context of widespread discrimination and persecution of Chinese in Indonesia is belied by the record.  Accordingly, her asylum claim fails.

09-73411

Because Andajani has failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Halim*, 590 F.3d at 980 n.7.

Finally, substantial evidence supports the IJ's denial of CAT relief because Andajani failed to establish it is more likely than not she will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**